Dr. Irving S. WRIGHT and Lois E. Wright, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Nos. 380, 382, Dockets 28664–28666.

United States Court of Appeals
Second Circuit.

Argued April 21, 1964.

Decided Aug. 27, 1964.

Jerome Landau, New York City, for petitioners-appellants.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Robert A. Bernstein, Attys., Dept. of Justice, for respondent-appellee.

Before WATERMAN, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

Taxpayer, Lois Elliman Wright, is the widow of J. W. Findlay, who at the time of his death in 1951 was a citizen of the United States and a resident of the State of New York. After Mr. Findlay's death taxpayer married Irving S. Wright, with whom she filed joint income tax returns for the years 1953 through 1958. The Commissioner of Internal Revenue determined deficiencies in the petitioners' income taxes for each of the six years, based upon his findings that income of Lois Wright of $50,000 in each of the years 1953, 1954 and 1955, and $13,500 in each of the years 1956, 1957 and 1958 had not been reported in petitioners' returns. Thereafter appellants brought three petitions in the Tax Court of the United States to review these several determinations, one covering the returns of 1953 through 1955, one for the year 1956, and one for the years 1957 and 1958, and now seek review of three decisions of the Tax Court handed down upon a consolidated hearing in that court. The Findings of Fact and Opinion below are reported at 39 T.C. 597 (1962). This case is a companion case to that of Findlay v. C. I. R., 332 F.2d 620 (2 Cir. 1964).

Lois Wright and Helen Findlay each received $50,000 in 1953 and 1954 and in 1955 there was delivered to them $19,815.05 ($50,000 less $30,184.95 deducted in England for British death duties) under circumstances and pursuant to agreements discussed in detail in our opinion in Findlay v. C. I. R., supra. We follow that case. We affirm the Tax Court in its determination that the sums of $50,000 received in 1953 and 1954 were includible in Lois Wright's income for those years as income in respect of a decedent within the meaning of Section 126 of the Internal Revenue Code of 1939 and the comparable section, Section 691 of the Internal Revenue Code of 1954, and hence taxable income, but as to the year 1955 we reverse the Tax Court's determination that she so received $50,000 in that year, and, following Findlay, hold that her gross income was increased in that year by only $19,815.05 and not by $50,-000.

Similarly, by a resolution of the Board of Directors of the British insurance firm of Willis, Faber & Dumas, set forth in the Tax Court's opinion, 39 T.C. 597, 600–601, Helen Findlay and Lois Wright received sums from that company in 1956, Helen Findlay receiving $16,425, and Lois Wright $13,500. Following Findlay, 332 F.2d 620, 623–624, we hold that this $13,500 and the further sums of $13,500 received by Lois Wright in 1957 and in 1958 were not nontaxable gifts to her; but we agree with the Tax Court that, for the year 1956, only $8,500 is includible by Lois Wright in her income, for she is entitled for that year to the death benefit exclusion under Section 101(b) (1) of the Internal Revenue Code of 1954 as affected by Section 101(b) (2) (A), providing: "Gross income does not include amounts received * * * [limited by § 101(b) (2) (A) to $5,000] by the beneficiaries or the estate of an employee, if such amounts are paid by or on

behalf of an employer and are paid by reason of the death of the employee."

█ Counsel in this case, as counsel in Findlay, argued that the total taxes received and to be received by the several taxing agencies because J. W. Findlay died amount to such a staggering sum in relation to the worth of his estate as to render the taxes paid in the United States confiscatory of property without due process of law in violation of the Fifth Amendment to the United States Constitution. There is no merit in this argument.

The decisions of the Tax Court are affirmed except as to its determination with respect to the proper amount of Lois Wright's includible income for the year 1955, and as to that the case is remanded for proceedings consistent with this opinion.